United States District Court
Southern District of Texas
**ENTERED**
January 18, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **MICAH GARY JOEL ROLPH** | § | |
| | § | MISC ACTION NO. 7:18-MC-00596 |
| **Plaintiff,** | § | MISC ACTION NO. 7:18-MC-00597 |
| **V.** | § | MISC ACTION NO. 7:18-MC-00598 |
| | § | MISC ACTION NO. 7:18-MC-00600 |
| **RIO GRANDE CITY CISD, et al.** | § | MISC ACTION NO. 7:18-MC-00601 |
| | § | MISC ACTION NO. 7:18-MC-00602 |
| **Defendants.** | § | MISC ACTION NO. 7:18-MC-01302 |

## REPORT AND RECOMMENDATION

Plaintiff, Micah Gary Joel Rolph, has filed multiple motions to proceed *in forma pauperis* ("IFP") and multiple civil complaints in the Southern District of Texas, McAllen Division. Eight of Plaintiff's miscellaneous actions have been referred to the undersigned.[1] For the reasons explained below, the undersigned recommends that the above miscellaneous actions should be consolidated into the earliest filed miscellaneous case, Case No. 7:18-MC-00579.

### I. CONSOLIDATION

Federal Rule of Civil Procedure 42 provides that if actions "involve a common question of law or fact," the Court may "consolidate the actions" or "issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The decision to consolidate actions under Rule 42(a) is "entirely within the discretion of the district court as it seeks to promote the administration of justice." *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973). "In this Circuit, district judges have been 'urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion.'" *Id.* "The Court has broad discretion to decide whether consolidation is desirable under Rule 42(a) and may even consolidate cases *sua sponte*." *Morrison*

---

[1] The ninth case, 7:18-MC-599, has been referred to United States Magistrate Judge Peter Ormsby.

*v. Amway Corp.*, 186 F.R.D. 401, 402 (S.D. Tex. 1998); *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1531 (5th Cir. 1993) ("Federal district courts have very broad discretion in deciding whether or not to consolidate."). "A court may order the consolidation of cases despite the opposition of the parties." *In re Air Crash Disaster at Florida Everglades on Dec. 29, 1972 v. Eastern Air Lines, Inc.*, 549 F.2d 1006, 1013 (5th Cir. 1977). The Court's determination may even "take precedence over the desires of counsel." *Id.* at 1014.

"Factors for the court to consider in deciding if consolidation is appropriate include the following: (1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, and (5) whether consolidation will conserve judicial resources and reduce the time and cost of trying the cases separately." *See Zolezzi v. Celadon Trucking Servs. Inc.*, No. H-08-3508, 2009 WL 736057 *1 (S.D. Tex. Mar. 16, 2009); *Russo v. Alamosa Holdings, Inc.*, No. 5:03-CV-0289-C, 2004 WL 579378, at *1 (N.D. Tex. Feb. 27, 2004) (collecting circuit cases for list of appropriate factors); *Harris v. Bexar Cty.*, No. SA-08-CV-728-XR, 2009 WL 4059092, at *1 (W.D. Tex. Nov. 23, 2009) (analyzing factors). The Court also considers whether the cases are at the same stage in their respective proceedings. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (5th Cir. 1985) (consolidation may properly be denied in instances in which the cases are at different stages of preparedness for trial).

With regard to the first factor, all cases are pending before the United States District Court for the Southern District of Texas, McAllen Division. This weighs in favor of consolidation.

At least three named defendants overlap. Plaintiff names Rio Grande City Consolidated Independent School District ("Rio Grande City CISD") as a Defendant in three complaints: Case No. 7:18-MC-579, Case No. 7:18-MC-602, and Case No. 7:18-MC-1302. Plaintiff names Omar Escobar, Jr., Starr County District Attorney, as a Defendant in Case No. 7:18-MC-601 and in Case No. 7:18-MC-1302. Plaintiff names the Rio Grande CISD Police Department as a Defendant in Case No. 7:18-MC-579 and in Case No. 7:18-MC-1302.[2]

The third factor, involving common questions of law or fact, weighs in favor of consolidation. Cases 7:18-MC-579, 7:18-MC-600, and 7:18-MC-602 will all involve common issues of law regarding employment discrimination. Cases 7:18-MC-596, 7:18-MC-597, 7:18-MC-598, 18-MC-601, and 18-MC-1302 will involve common issues of law involving civil rights violations. All cases deal will have some factual overlap, because all cases are premised on the same series of events: the termination of Plaintiff's teaching position for Rio Grande City CISD, supposedly based on Plaintiff's prior criminal history, and the allegedly forcible removal of Plaintiff from the school premises. In other words, the Court will have to address the same underlying questions of law or fact for these suits.

Turning to the fourth factor, the Court must determine whether there is risk of prejudice or confusion if the cases are consolidated, and if so, whether the risk is outweighed by the risk of

---

[2] Named defendants that are not repeated include: Hidalgo County (7:18-MC-596), TJ's Star & Olivarez Towing (7:18-MC-597), Justice of the Peace Luis Garza (7:18-MC-579), Starr County Memorial Hospital (7:18-MC-579), Hidalgo County District Clerk Arturo Guajardo, Jr. (7:18-MC-598), Texas Teachers of Tomorrow (7:18-MC-600), defense attorney Daniel J. Garcia (7:18-MC-1302), attorney Eduardo Ramirez (7:18-MC-1302), attorney Judy Solis (7:18-MC-1302), defense attorney Sergio Sanchez (7:18-MC-1302), Starr County Judge Ramiro Molina (7:18-MC-1302), Starr County attorney Victor Canalas (7:18-MC-1302), Texas Rio Grande Legal Aid, Inc. ("Legal Aid") (7:18-MC-1302), Legal Aid Deputy Director Herbito Silva (7:18-MC-1302), Legal Aid attorney Gema Lopez (7:18-MC-1302), Legal Aid attorney Jessica Anderson (7:18-MC-1302), and the Starr County Judicial System (7:18-MC-1302).

inconsistent adjudications of factual and legal issues if the cases are addressed separately. The undersigned finds no indication of prejudice or confusion if the cases are consolidated.

The fifth factor also weighs in favor of consolidation, as it would be an effective use of judicial resources to consolidate these cases. Lastly, the cases are at an opportune stage in the proceedings—all are at the *in forma pauperis* stage. The factors, on balance, weigh in favor of consolidation.

## CONCLUSION

### *Recommended Disposition*

It is recommended that the Clerk of Court be directed to close Case Nos. 7:18-MC-596, 7:18-MC-597, 7:18-MC-598, 7:18-MC-600, 7:18-MC-601, 7:18-MC-602, and 7:18-MC-1302, and **CONSOLIDATE** these cases into 7:18-MC-00579 as the lead case.

If the District Court consolidates these actions, it is recommended that the motions to proceed IFP in Case Nos. 7:18-MC-596, 7:18-MC-597, 7:18-MC-598, 7:18-MC-600, 7:18-MC-601, 7:18-MC-602, and 7:18-MC-1302 be **DENIED** as moot.

### *Notice to the Parties*

Within fourteen days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Federal Rules of Civil Procedure, Rule 72(b). Failure to file written objections within fourteen days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of clear error or manifest injustice.

The clerk of this court shall forward a copy of this document to the parties by any receipted means.

**DONE** this 18th day of January, 2019, at McAllen, Texas.

_____
J. SCOTT HACKER
United States Magistrate Judge